# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### (PITTSBURGH)

| | |
|---|---|
| IN RE:<br><br>Randolph P. Cipriani and Jennifer R. Cipriani<br>　　　　Debtors,<br><br>Diplomat Property Manager, LLC<br>　　　　Creditor/Movant,<br>v.<br>Randolph P. Cipriani and Jennifer R. Cipriani<br>　　　　Respondents, | CHAPTER 7<br><br>CASE NO.: 19-20356-JAD<br><br>HEARING DATE April 23, 2018<br>TIME:  10:00 a.m.<br>LOCATION: COURTROOM D |

**MOTION OF DIPLOMAT PROPERTY MANAGER, LLC FOR RELIEF FROM THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362(a) TO PERMIT MOVANT TO COMMENCE OR CONTINUE FORECLOSURE PROCEEDINGS ON 820 HERSCHEL ST., PITTSBURGH, PA 15220**

AND NOW COMES, Diplomat Property Manager, LLC ("Movant"), by and through its attorneys, Hill Wallack LLP, and respectfully represents as follows:

1.　　This Motion (the "Motion") is filed by Movant for relief from the automatic stay provisions of 11 U.S.C. §362(a) to permit Movant to continue its foreclosure on real property located at 820 Herschel St., Pittsburgh, PA 15220 (the "Mortgaged Premises").

2.　　On or about August 21, 1998, Charlene E. Reed ("Borrower") executed a Promissory note in the amount of $116,800.00, which has been duly indorsed (the "Note")  A copy of the Note is attached hereto and incorporated herein by reference as Exhibit "A."

3.　　On or about August 21, 1998, in order to provide security for the Note, Borrower and William J. Reed made, executed, and delivered to TMS Mortgage Inc., dba The Money Store ("TMS"), a Mortgage (the "Mortgage") in the original principal amount of $116,800.00 on the Mortgaged Premises, which was recorded with the office of the Recorder of Deeds of Allegheny County in Mortgage Book 17890 at Page 340 on August 24, 1998.  A copy of the Mortgage is attached hereto and incorporated herein by reference as Exhibit "B."

{06357276; 1}

4. The Mortgage was assigned by TMS to The Bank of New York as Indenture Trustee under the Sale & Servicing Agreement dated as of August 31, 1998 for the Money Store Trust 1998-C. ("The Bank of New York") on April 6, 2009 and recorded in the Recorder of Deeds of Allegheny County in Mortgage Book 36540 at Page 315 as Instrument No.2009-31147 on April 21, 2009.  A true and correct copy of said Assignment of Mortgage is attached hereto as Exhibit "C."

5. On or about August 12, 2014, Charlene E. Reed died, whereby title vested solely in William J. Reed.

6. On or about February 6, 2015, William J. Reed, a widower, deeded the Property to Jennifer R. Cipriani (his Daughter) and Randolph P. Cipriani (collectively the "Debtors") for $1.00, which was recorded in the Recorder of Deeds of Allegheny County in Deed Book 15882 at Page 261 as Instrument No. 2015-3694 on February 12, 2015. A true and correct copy of said Deed is attached hereto as Exhibit "D."

7. The Mortgage was assigned by The Bank of New York Mellon, fka The Bank of New York as Indenture Trustee under the Sale & Servicing Agreement dated as of August 31, 1998 for the Money Store Trust 1998-C to Wells Fargo Bank, N.A. ("Wells Fargo") on June 27, 2017 and recorded in the Recorder of Deeds of Allegheny County in Mortgage Book 48074 at Page 282 as Instrument No.2017-46134 on June 30, 2017.  A true and correct copy of said Assignment of Mortgage is attached hereto as Exhibit "E."

8. The Mortgage was assigned by Wells Fargo Bank, N.A. Successor by merger to Wes Holding Corporation Successor by merger to Wachovia Equity Servicing, Limited Liability Company Successor in Interest to Equity Servicing Corporation fka HomeQ Servicing Corporation Successor by merger to TMS Mortgage Incorporated dba The Money Store to

{06357276; 1}

Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2015-1("Wilmington") on February 28, 2018 and recorded in the Recorder of Deeds of Allegheny County in Mortgage Book 48979 at Page 419 as Instrument No.2018-12983 on February 28, 2018.  A true and correct copy of said Assignment of Mortgage is attached hereto as Exhibit "F."

9. Plaintiff is the current mortgagee by virtue of an Assignment of Mortgage from Wilmington dated January 17, 2019, and recorded in the Allegheny County Office of the Recorder of Deeds in Mortgage Book 50172 at Page 363 as Instrument No. 2019-4264 on January 22, 2019.  A true and correct copy of said Assignment of Mortgage is attached hereto as Exhibit "G."

10. On or about January 29, 2019, Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania.

11. In Schedule A/B, the Debtors proposed to surrender the Property, which was listed at the current value of $70,000.00.

12. The current monthly payment on the Mortgage is $819.92

13. As of the Petition Date, there is due and owing on the Mortgage the sum of $125,724.70 together with additional legal fees and costs and taxes due and payable on the Mortgaged Premises.

14. The Debtors have failed to make contractual monthly payments on the Mortgage as of May 1, 2017 and are, therefore, in arrears for the amounts due as follows:

{06357276; 1}

| MONTHLY PAYMENTS | | | | | $19,252.45 |
|---|---|---|---|---|---|
| | 05/01/2017 | 08/01/2017 | $847.94 x 4 mos. | $3,391.76 | |
| | 09/01/2017 | 12/01/2017 | $876.63 x 4 mos. | $3,506.52 | |
| | 01/01/2018 | 08/01/2018 | $813.55 x 8 mos. | $6,508.40 | |
| | 09/01/2018 | 12/01/2018 | $849.92 x 4 mos. | $3,399.68 | |
| | 01/01/2019 | | $806.25 x 1 mo. | $806.25 | |
| | 02/01/2019 | 03/01/2019 | $819.92 x 2 mos. | $1,639.84 | |
| CORPORATE ADVANCES | | | | | $7,597.06 |
| LATE CHARGES | | | | | $20.74 |
| ATTORNEY FEES/COSTS | | | | | $930.00 |
| TOTAL ARREARS | | | | | $27,800.25 |

15. Consequently, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d) (1) as the Debtors have little to no equity in the Mortgaged Premises.

WHEREFORE, Diplomat Property Manager, LLC , respectfully requests that this Court enter an Order granting relief from the automatic stay provisions of 11 U.S.C. § 362(a) to allow Movant to proceed in its foreclosure of the Mortgaged Premises, to name the Debtors in the foreclosure suit solely for the purpose of foreclosing their interests in the Mortgaged Premises

{06357276; 1}

and to allow Movant, or any other purchaser at the Sheriff's Sale to take any legal action necessary to gain possession of the Mortgaged Premises.

Respectfully submitted,

By: /s/ Michael J. Shavel
Michael J. Shavel, Esq., Attorney ID 60554
Hill Wallack, LLP
777 Township Line Road, Suite 250
Yardley, PA 19067
Telephone 215-579-7700
Facsimile 215-579-9248
Email: mshavel@hillwallack.com

{06357276; 1}